UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ANTONIO WHITE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>O'REILLY AUTO ENTERPRISES LLC, ET, Al.,<br><br>　　　　　Defendants. | No. 2:20-cv-00453-JAM-KJN-PS<br><br><u>ORDER GRANTING IFP REQUEST AND DISMISSING WITH LEAVE TO AMEND</u><br><br>(ECF Nos. 1, 2) |

　　　　Plaintiff, who is a prisoner proceeding without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the Court grants Plaintiff's request to proceed in forma pauperis.

　　　　The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

///

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Further, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

In this case, plaintiff's complaint is handwritten and alleges various forms of employment discrimination and harassment that occurred while he was employed by O'Reilly Auto Parts in Cameron Park, California between December 2017 and January 2019. (See generally ECF No. 1.) For example, plaintiff alleges that he was subject to a hostile work environment, wrongfully denied a promotion based on his criminal record, wrongfully terminated, and wrongfully denied various employment benefits. (See id.) All five of plaintiff's claims are stated as due process or equal protection violations, brought under 42 U.S.C § 1981 or 1983. However, section 1983 is generally inapplicable against private entities or businesses, and instead must be brought against state actors. See Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002) ("[A plaintiff] suing a private individual under section 1983 must demonstrate that the private individual acted under color of state law; plaintiffs do not enjoy Fourteenth Amendment protections against 'private conduct abridging individual rights.'") (citations omitted). Section 1981 claims are limited to discrimination based on race or ethnicity, which plaintiff does not allege in his complaint. See

1  Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 609 (1987) (finding that the provision "[forbids]
2  all 'racial' discrimination in the making of private as well as public contracts"). Thus, sections
3  1981 and 1983 are inapplicable here. Plaintiff also claims several violations under OSHA, which
4  are impermissible because OSHA does not create a private cause of action. See Glanton v.
5  Harrah's Entertainment, Inc., 297 Fed. App'x 685, 687 (9th Cir. 2008).
6        Despite these deficiencies, plaintiff states facts that may give rise to a viable federal cause
7  of action under the American with Disabilities Act. The ADA prohibits discrimination on the
8  "basis of disability in regard to job application procedures, the hiring, advancement, or discharge
9  of employees, employee compensation, job training, and other terms, conditions, and privileges
10 of employment." 42 U.S.C. § 12112(a). To state a claim of employment discrimination based on
11 disability under § 12112, a plaintiff must allege facts showing that (1) they are "disabled" as
12 defined by the ADA; (2) they are a "qualified individual" as defined by the ADA; and (3) they
13 suffered adverse employment action on the basis of their disability. See Nunes v. Wal-Mart
14 Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999). Further, plaintiff's facts may give rise to
15 certain employment or privacy claims under California state law. See, e.g., Cal. Gov. Code
16 § 12940; Shulman v. Group W Productions, Inc., 18 Cal. 4th 200, 214 (Cal. 1998) (re:
17 "Publication of Private Facts"). Thus, in light of plaintiff's pro se status, and because it is at least
18 conceivable that plaintiff could allege additional facts to support different causes of action under
19 federal and state law, the court finds it appropriate to grant plaintiff an opportunity to amend the
20 complaint.
21       If plaintiff elects to file an amended complaint, it shall be captioned "First Amended
22 Complaint," shall be typed or written in legible handwriting, shall address the deficiencies
23 outlined in this order, and shall be filed within 21 days of this order.
24       Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order
25 to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended
26 complaint be complete in itself without reference to any prior pleading. As a general rule, an
27 amended complaint supersedes the original complaint, and once the first amended complaint is
28 filed, the original complaint no longer serves any function in the case.

Importantly, many employment-related claims—including those under the ADA—require a plaintiff to have exhausted administrative remedies prior to filing suit. See, e.g., 42 U.S.C. § 12117(a); B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1099 (9th Cir. 2002) (a plaintiff must first file a complaint with the EEOC or appropriate state agency before it can sue under the ADA or Title VII); see also Romano v. Rockwell Internat., Inc., 14 Cal. 4th 479, 492 (1996) ("Under the FEHA, the employee must exhaust the administrative remedy provided by the statute . . . and must obtain from the Department a notice of right to sue in order to be entitled to file a civil action . . . ."). Moreover, plaintiff is informed that most employment-discrimination claims generally lie against employers and not individual employees. See Stern v. Cal. State Archives, 982 F. Supp. 690, 691-92 (E.D. Cal. 1997) (finding that supervisors and managers cannot be sued under the ADA, Title VII, and similar federal statutes); see also Reno v. Baird, 18 Cal. 4th 640, 647 (1998) (same holding under FEHA). Plaintiff should consider these precepts when considering whether to raise these kinds of claims in his first amended complaint.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 21 days of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's complaint (ECF No. 1) is DISMISSED; and
3. Plaintiff is GRANTED leave to amend. Within 21 days of this order, plaintiff shall file either (a) a first amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice. Failure to do so by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: March 30, 2020

/BL.whit.0453

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE